# EXHIBIT A

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0003 6349 77

MAGNA SERVICE AGENCY, INC.
REGISTERED AGENT SOLUTIONS, INC.
200 CAPITOL STREET
CHARLESTON, WV 25301

Control Number: 299368

Defendant: MAGNA SERVICE AGENCY, INC.
200 CAPITOL STREET
CHARLESTON, WV 25301 US

Agent: REGISTERED AGENT SOLUTIONS, INC.
County: Ohio
Civil Action: 22-C-189
Certified Number: 92148901125134100003634977
Service Date: 11/7/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* **not to the Secretary of State's office.**

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/3/2022 2:32 PM
CC-35-2022-C-189
Ohio County Circuit Clerk
Brenda L. Miller

## IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA
### ELEANORE DONOFRIO v. MAGNA SERVICE AGENCY, INC.

Service Type:   Secretary of State - Certified - Including Copy Fee

NOTICE TO:   MAGNA SERVICE AGENCY, INC., REGISTERED AGENT SOLUTIONS, INC., 200 CAPITOL ST, CHARLESTON, WV 25301

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

D. Hoosier, 213 HALE ST, STE 100, CHARLESTON, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

11/3/2022 2:32:43 PM            /s/ Brenda L. Miller
        Date                              Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____            _____
     Date                        Server's Signature

E-FILED | 11/3/2022 2:32 PM
CC-35-2022-C-189
Ohio County Circuit Clerk
Brenda L. Miller

## IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

ELEANORE DONOFRIO, )
    Plaintiff, )
)
v. )
)
MAGNA SERVICE AGENCY, INC., )   Civil Action No.: 22-C-189
HARRY FERRELL, )
)
    Defendant. )

### JURY TRIAL DEMANDED

### COMPLAINT

COMES NOW, Your Plaintiff, Eleanore Donofrio, by counsel, D. Adrian Hoosier, II, and for her Complaint states as follows:

### Summary of Claims

Plaintiff brings claims against Defendant Magna Service Agency, Inc. 1) violations of the W.Va. Human Rights Act, 2) Negligent Hiring, 3) Negligent Retention, 4) Negligent Training, 5) Intentional Infliction of Emotional Distress, 6) Negligent Infliction of Emotional Distress, 7) Reprisal / Retaliation in Violation of Substantial Public Policy (Organizational Policy - *Collins v. Elkay Mining Co.*, 371 S.E.2d 46 (W. Va. 1988)),

### I. Jurisdiction/Venue

1. Plaintiff was employed at Magna Service Agency, Inc. ("Defendant" hereinafter) in Ohio County, West Virginia prior to her wrongful termination on or about November 22, 2020. At all times therein Eleanore Donofrio ("Plaintiff") was working in Ohio County, State of West Virginia. All allegations herein occurred in Ohio County, State of West Virginia.

1

2. Defendant is a corporation operating in Ohio County, West Virginia, and domiciled in Ohio County, West Virginia. Harry Ferrell is, upon information and belief, a resident of Ohio County, West Virginia.

3. Wherefore, Jurisdiction and Venue are proper in this Court.

## II. Factual Statement and Statemen in Support of Claims

4. Plaintiff worked for Defendant until she was wrongfully terminated on November 22, 2020.

5. Plaintiff was terminated after reporting medical conditions, and after reporting safety issues in the workplace. Namely Plaintiff reported that she suffers from High Blood Pressure, Diabetes, "liver problems", vertigo, allergies, "and other stomach problems". Plaintiff was forced to use portable toilets that were set upon on the job site. Plaintiff complained that the toilets were so nasty that they were complicating her medical issues. Plaintiff complained to supervisors Mike Pocoler (unsure of spelling), Harry Ferrell (unsure of spelling), and others. Plaintiff constantly complained about the poor work conditions, and that the poor working conditions were affecting her medical conditions so bad she couldn't work. Plaintiff had to bring in chemicals, cleaning supplies, rubber gloves, and other supplies just to be able to work.

6. Plaintiff often, as part of her work, drove 4:00am – 4:00pm and sometimes later than 4:00pm without any bathroom breaks. Plaintiff, had to go to doctor to get medication to alleviate the swelling in her legs (due to her diabetes) with long hours. Plaintiff was not permitted to take beaks to stretch her legs, which would not have been an unreasonable accommodation. Plaintiff, a diabetic, also needed to eat a few times a day or when needed. Plaintiff did not need to take a break to eat a full meal but would need to eat something to keep her blood sugar balanced. Plaintiff's blood sugar would go too low without eating at all during 10-12 hour trips to the point

she would get physically sick, dizzy and be in pain. Plaintiff requested that Defendant allow Plaintiff these very short breaks – which would have been no more than 10 minutes a few times per shift to get some food and stretch her legs. Plaintiff complained about the failure to accommodate.

7. Also, Defendant did have a policy that the only communication that could be held over the "CB" had to deal with work, and not general non-work related "chit-chat". However, multiple employees held multiple conversations not pertaining to the job over the CD which was dangerous and distracting to Plaintiff. Plaintiff did complaint to management about the distracting "chit-chat" which was dangerous as it interfered with Plaintiff's concertation when driving, and required Plaintiff to take her hands off wheel. Within a few days after Plaintiff expressed the poor work conditions Plaintiff was written up for insubordination, and then Plaintiff was terminated.

## VIOLATIONS OF THE WEST VIRGINIA HUMAN RIGHTS ACT
## DISABILITY DISCRIMINATION / GENDER DISCRIMIANTION
## – FAILURE TO ACCOMODATED

8. Plaintiff incorporates all preceding paragraphs of her Complaint as if fully set forth herein verbatim.

9. Plaintiff's disability and gender places her in a protected class under the West Virginia Human Rights Act. As stated, Plaintiff is female and protected by West Virginia Human Rights Act (sometimes hereinafter "WVHRA" or "HRA"). Plaintiff also has disabilities.

10. Defendants' termination of Plaintiff was based upon factors including, but not limited to, her gender/disability constitutes discrimination against Plaintiff in violation of the WVHRA, W.Va. Code § 5-11-, *et seq.* Specifically as a bases plaintiff re-states the allegations

3

contained herein in "Factual Statement", and primary states she terminated based in whole or part on her gender/disability. Namely, Plaintiff states that her gender and disability led to her termination because she was not in danger of being terminated until she communicated her disabilities to Defendant, and male employees were not terminated when they reported disabilities or poor work conditions. Plaintiff was terminated after reporting medical conditions, and after reporting safety issues in the workplace. Namely Plaintiff reported that she suffers from High Blood Pressure, Diabetes, "liver problems", vertigo, allergies, "and other stomach problems". Plaintiff stated that the 12+ hour shifts were making her dizzy, sick, and Plaintiff felt like she was going to pass out. No accommodation was made. Plaintiff only requested 10 minutes (or so), breaks to stretch her legs and get something to eat to regulate he blood sugar. Plaintiff was not allowed to eat in the truck.

11.   Knowing Plaintiff was having issues with her blood sugar (associated with her known disability of diabetes), and other medical issues, Defendant forced Plaintiff to use portable toilets that were set upon on the job site. The same portable toilets that Plaintiff had complained about being so disgusting no one could use them setting down (as a female is regularly required to do). Plaintiff complained that the toilets were so nasty that they were complicating her medical issues. The more Plaintiff complained about the toilets, the further into disrepair the toilets fell. See Below:



4

12. These actions were taken by Defendant in retaliation to Plaintiff's complaints making the toilets worse to force Plaintiff to quit and/or to harass Plaintiff, and/or to cause emotional distress to Plaintiff. Within a few days after Plaintiff expressed the poor work conditions she was written up for insubordination. Plaintiff, confused about the write up, indicated she would not be willing to "sign" the same without explanation. She was then terminated.

13. No employer shall discharge an employee on the basis of race, religion, color, national origin, ancestry, sex, age, blindness, or disability. Furthermore, no employer shall engage in any form of reprisal, or otherwise discriminate against a person who files a complaint under the West Virginia Human Rights Act or opposes any of the forbidden practices contained in the Act. W. Va. Code §§ 5-11-3 and 5-11-9. Plaintiff is female/disabled. But for Plaintiff's disability/gender she would not have been terminated. But for her need to take 10-minute breaks to eat and stretch her legs, she would not have been fired. But for her request for an accommodation, she would not have been fired. But for the fact that she was female, she would not have been fired. Plaintiff was fired, in whole or in part, based on her request for accommodation and/or due to her complaints about workplace conditions both the sanity of the trucks, toilets, and CB disturbance.

14. Wherefore, Defendants have violated the WVHRA as set forth above. Plaintiff's employment would not have been terminated but for her gender/disability. After Plaintiff reported her disability, no accommodations were offered, and she was written up, and fired.

15. Defendants' conduct was willful, wanton, reckless, malicious, intentional, and/or in direct disregard of Plaintiffs' state protected rights as Defendants knew of the prior conduct as Plaintiff expressed her concerns to Defendants about mistreatment, harassment, etc. Yet nothing

5

was done to prevent Defendants from continuing to harass Plaintiff, continuing to discriminate against Plaintiff and in other ways harming Plaintiff.

16. Defendants' actions entitle Plaintiff to damages including, but not limited to, payment of back wages, fringe benefits, actual damages, and cost of litigation including attorney fees and witness fees.

17. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered injury and damages including, but not limited to, loss of pay, emotional pain, suffering, humiliation, aggravation, annoyance, inconvenience, mental anguish, and other damages for which Defendants are liable.

18. The West Virginia Human Rights Act prohibits discrimination in employment based on gender or disability (WV Code Sec. 5-11-1 et seq.).

19. The Act applies to all public employers and private employers with 12 or more employees. Defendant corporation has 12 or more employees.

## COUNTS 4-5-6

### NEGLIGENCE COUNTS

20. Plaintiff incorporates all preceding paragraphs of Plaintiff's Complaint as if fully set forth herein verbatim.

21. Plaintiff herein states, for Plaintiff's Counts 4, 5, and 6 that Defendant was negligent in its hiring, retention, training of Plaintiff's supervisor and or Human Resources Professional.

22. Defendant was negligent in its hiring, retention, training of Plaintiff's supervisor and or Human Resources Professional.    Defendant was negligent in its hiring, retention,

training of Plaintiff's supervisor and or Human Resources Professional. Defendant owed a duty to the employees of Defendant to appoint/hire/employee/train/retain a competent supervisor and or Human Resources Professional.

23. A competent supervisor and or Human Resources Professional has a duty to, at least, made efforts to accommodate a known disability of employees like Plaintiff. Defendant's supervisor and/or Human Resources Professional that had the authority to accommodate Plaintiff breached his or her duty to Plaintiff by not only failing to accommodate the disability, but also accusing Plaintiff on insubordination, sanctioning Plaintiff in the form of a write up, and terminating Plaintiff.

24. Harry Ferrell, upon information and belief, had no training in disability accommodation, or human rights training. Wherefore, Defendant has breached it duty to Plaintiff by failing to place a competent supervisor and/or Human Resource Professional on the job site that should have known that accommodations are available, and/or that it is not proper to terminate an employee who is seeking an accommodation, and or complaining about work place conditions.

25. As such Defendant has negligently hired/retained/trained its supervisor/manager/HR Professional and or Harry Ferrell, such breach caused the proximate harm to this Plaintiff, and caused Plaintiff's damages.

## COUNT 7-8
## INTENTIONAL / NEGLIGENT
## INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff hereby incorporates by reference the allegations made in paragraphs 1 through 26 as though fully set forth herein.

7

27. All Defendants actions toward Plaintiff, as described hereinabove, were atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

28. All Defendants acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain that emotional distress would result from the outrageous conduct. Defendants' actions caused Plaintiff to suffer severe emotional distress. The emotional distress was so severe, no reasonable person could be expected to endure it. As a direct and proximate result of Defendants' wanton, reckless, and unjustified actions, Plaintiff suffered severe emotional distress, both in the past and in the future; mental and emotional pain and suffering, both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future. Namely, after complaints about the poor condition of the portable toilets, Defendants allowed them to get worse to taunt Plaintiff, but Plaintiff on longer drives knowing she was having issues with the blood sugar levels, knowing she couldn't stop to eat or move her legs some to prevent swelling, and the wrote Plaintiff up when she reported the illegal treatment of Defendant leading to her termination.

29. The actions of Defendants were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages.

30. Defendants are vicariously liable for their actions committed within the scope of Defendants' employment.

8

## COUNTS 9-10

### REPRISAL / RETALATION IN VIOLATION OF SUBSTANTIAL PUBLIC POLICY

31.     Plaintiff incorporates by reference all preceding Paragraphs of the Complaint as if fully set forth herein verbatim.

32.     Defendants' actions as described herein constitute a retaliation/reprisal in violation of substantial public policy.

33.     The "rule giving the employer the absolute right to discharge an employee at will" has an exception: "[W]here the *employer's motivation* for the discharge contravenes some *substantial public policy* principle, then the employer may be liable to the employee for damages occasioned by the discharge." *Harless v. First National Bank of Fairmont*, 162 W. Va. 116, 246 S.E.2d 270, 275 (1978) (emphasis added). One of the "fundamental rights" of an employee is the "right not to be a victim of a 'retaliatory discharge', that is, a discharge from employment where the employer's motivation for the discharge is in contravention of a substantial public policy." *Mace v. Charleston Area Medical Center Foundation, Inc.*, 188 W. Va. 57, 422 S.E.2d 624, 631 (1992) (quoting *McClung v. Marion County Commission*, 178 W. Va. 444, 360 S.E.2d 221 (1987)). The "sources of substantial public policy" alleged to be violated in Plaintiff's termination are as follows: [Count 9] Defendants discharge of Plaintiff was due to Plaintiffs concern with safety procedures. *Wiggins v. Eastern Associated Coal Corp.*, 357 S.E.2d 745 (W. Va. 1987). Namely, after complained about the illegal use of CD "chit chat", and that the "chit chat" was not work related, and was distracting her, and/or after she complained about the terrible conditions of the trucks and toilets that affected her medical issues, she was written up and fired. There was not other reason to fire the Plaintiff.

34. The employee must show that his complaints about or refusal to participate in the improper conduct of the employer "was a substantial or a motivating factor for the discharge." *Tiernan v. Charleston Area Medical Center, Inc.*, 203 W. Va. 135, 506 S.E.2d 578, 587 (1998); *accord Mace v. Charleston Area Medical Center Foundation, Inc.*, 188 W. Va. 57, 422 S.E.2d 624, 631 (1992). Here, Plaintiff was not in jeopardy of losing her job until she made the complaints set forth herein. The employee need not show that her protected conduct was the "only precipitating factor for the discharge. 506 S.E.2d at 587. The employer may "defeat the claim by showing that the employee would have been discharged even in the absence of the protected conduct." 506 S.E.2d at 587. The employer would do this by "proving" a "legitimate, nonpretextual, and nonretaliatory reason" for the discharge. *Birthisel v. Tri-Cities Health Services Corp.*, 199 W. Va. 371, 424 S.E.2d 606, 612 (1992). Here, none exist.

35. Participating supervisory employees may be personally liable, for retaliation in violation of public policy. *Harless v. First National Bank in Fairmont*, 169 W. Va. 673, 289 S.E.2d 692 (1982) ("*Harless* 2"). Thus, all "individual" named Defendants are liable to Plaintiff.

36. Existing employment relationship required for Harless to apply. *See Hurley v. Allied Chemical Corporation*, 164 W. Va. 268, 270, 262 S.E.2d 757, 759 (1980). Plaintiff had an employment relationship with Defendants and was a current employee.

37. As a direct and proximate result of the aforesaid actions, Plaintiff has suffered, and will continue to suffer damages including but not limited to damages for lost wages, emotional pain and suffering, mental anguish, emotional distress, indignity, embarrassment, humiliation in an amount to be determined by the jury.

38. Defendants' actions entitle Plaintiff to damages including, but not limited to, payment of back wages, fringe benefits, actual damages, and cost of litigation including attorney fees and witness fees.

39.     Defendants' conduct was willful, wanton, reckless, malicious, and/or in direct disregard of Plaintiff's state protected rights.

40.     Plaintiff is entitled to recover punitive damages.

WHEREFORE, Plaintiff demands against Defendants damages for lost wages, the value of lost benefits, damages for mental and emotional distress, punitive damages, costs and attorney's fees, and such other and further relief as may upon the premises be appropriate. Damages available under any statute cited in her Complaint. Damages for annoyance, inconvenience, and aggravation. All other damages available to Plaintiff and or awarded by this Court. Plaintiff demands punitive damages in all counts.

<b><u>JURY TRIAL DEMANDED</u></b>

**ELEANORE DONOFRIO,**
Plaintiff by Counsel,

Respectfully submitted,

D. Adrian Hoosier, II (WVSB# 10013)
Hoosier Law Firm, PLLC
213 Hale St., Suite 100
Charleston, WV 25301
Telephone: (304) 767-9482
adrian@hlfwv.com

11

**CERTIFIED MAIL**

US POSTAGE — PITNEY BOWES
ZIP 25305  $007.68
02 4W
0000377395 NOV 09 2022

# Case Docket Entries

CC-35-2022-C-189

| Court: | **Circuit** | County: | **35 - Ohio** | Created Date: | **11/3/2022** | Security Level: | **Public** |
|---|---|---|---|---|---|---|---|
| Judge: | **Jason A. Cuomo** | Case Type: | **Civil** | Case Sub-Type: | **Tort** | Status: | **Open** |

Related Cases:

Style: **ELEANORE DONOFRIO v. MAGNA SERVICE AGENCY, INC.**

| # | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 1 | 11/3/2022 2:32:49 PM | E-Filed | | Complaint |
| | 1-1  11/3/2022 | Civil Case Information Statement | | |
| | 1-2  11/3/2022 | Complaint - Complaint for Damages | | |
| | 1-3  11/3/2022 | Transmittal | | |
| | 1-4  11/3/2022 | Summons | | |
| 2 | 11/3/2022 2:32:49 PM | Judge Assigned | J-05005 | Jason A. Cuomo |
| 3 | 11/3/2022 2:32:49 PM | Party Added | P-001 | ELEANORE DONOFRIO |
| 4 | 11/3/2022 2:32:49 PM | Party Added | D-001 | MAGNA SERVICE AGENCY, INC. |
| 5 | 11/3/2022 2:32:49 PM | Party Added | D-002 | HARRY FERRELL |
| 6 | 11/3/2022 2:32:49 PM | Attorney Listed | P-001 | A-10013 - D. Adrian Hoosier, II |
| 7 | 11/3/2022 2:32:49 PM | Service Requested | D-001 | Secretary of State - Certified - Including Copy Fee |
| 8 | 11/3/2022 2:32:49 PM | Service Requested | D-002 | Filer - Certified Mail |
| 9 | 11/14/2022 1:04:48 PM | E-Docketed | | Service Return - R/S SOS accepted service on behalf of Magna Service Agency, Inc. on 11/7/22 |
| | 9-1  11/14/2022 | Service Return - R/S SOS accepted service on behalf of Magna Service Agency, Inc. on 11/7/22 | | |
| | 9-2  11/14/2022 | Transmittal | | |